UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| GATEKEEPER SOLUTIONS INC.<br>7 NORTHWOOD COURT<br>DIX HILLS, NEW YORK 11746<br>　　　　　　　　　Plaintiff<br>　v.<br><br>DARKTRACE, INC.<br>6010 W. SPRING CREEK PKWY<br>PLANO, TX 75024.<br>　　　　　　　　　Defendant | Civil Action No.:<br><br>24-cv-723 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gatekeeper Solutions, LLC ("Gatekeeper"), by its undersigned counsel, alleges as follows for its Complaint against Defendant Darktrace, Inc. ("Darktrace").

**THE NATURE OF THIS ACTION**

1.　Gatekeeper brings this action against Darktrace pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 9,032,038 ("the '038 patent") titled "Recipient control system for ensuring non-conflicting and comprehensive distribution of digital information and method thereof." Defendant has been made aware of the '038 patent but has continued to infringe and has refused to cease its infringing actions, thereby necessitating this lawsuit.

**THE PARTIES**

2.　Plaintiff is a New York corporation having an address located at 7 Northwood Court, Dix Hills, New York 11746.

3.　Defendant Darktrace is a Delaware corporation with an office at 6010 W. Spring Creek Pkwy Plano, TX 75024. Darktrace uses, develops, offers to sell, and sells the accused products throughout the United States. Darktrace manages and provides the Darktrace/Email

product (the accused product) which infringes the patent in suit.

4. Defendant, and customers of Defendant, use the accused products to practice the claimed system and methods of the '038 patent.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

7. This Court has personal jurisdiction over Defendant Darktrace because Darktrace is located within and maintains an office within this judicial district.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a), 1400(b) and based on information set forth herein. Darktrace has committed acts of infringement in this district and maintains a place of business here at 6010 W. Spring Creek Pkwy Plano, TX 75024.

**BACKGROUND AND GENERAL ALLEGATIONS**

9. Gatekeeper is the current owner and assignee of the '038 patent.

10. Defendant Darktrace provides distribution of the Darktrace/Email product on and between devices using a system and method that infringes the '038 patent.

11. The Darktrace/Email product infringes at least claim 1-45 of the '038 Patent.

12. On May 12th, 2015, United States Patent No. 9,032,038, entitled "Recipient control system for ensuring non-conflicting and comprehensive distribution of digital information and method thereof" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '038 Patent claims patent-eligible subject matter and is valid and enforceable. Gatekeeper is the exclusive owner by assignment of all rights, title, and interest

in the '038 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '038 Patent. Defendant is not licensed to the '038 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '038 patent whatsoever. A true and correct copy of the '038 Patent is attached hereto as **Exhibit A**.

13. The '038 Patent is referred to herein as the "Patent-in-suit." The Patent-in-suit is presumed valid under 35 U.S.C. § 282.

**THE PATENT**

14. The claims of the '038 patent are directed to "A system for ensuring an electronic communication being sent by a user to two or more recipients, each recipient having at least one associated email address, telephone number and/or title, is not sent to another conflicting recipient." The patent includes System claims, for example Claim 1 of the '038 patent:

> 1. A system for ensuring an electronic communication being sent by a user to two or more recipients, each recipient having at least one associated email address, telephone number and/or title, is not sent to another conflicting recipient, comprises:
> a. means for receiving one or more parameters identifying conditions for a conflicting recipient for each recipient;
> b. means for storing said parameters;
> c. means for comparing the parameters of each recipient of said electronic communication with said parameters of other recipients to determine whether any of the other recipients is a conflicting recipient;
> d. means for stopping the sending of the electronic communication when said comparing means determines at least one conflicting recipient;
> e. means for notifying the user of each conflicting recipient as determined by said comparing means and the parameters that identify each conflicting recipient; and
> f. means for sending the electronic communication when said comparing means does not determine at least one conflicting recipient.

and method claims, for example Claim 23:

> 23. A method for ensuring an electronic communication being sent by a user to two or more recipients, each recipient having at least one associated email address, telephone number and/or title, is sent to another conflicting recipient, comprises the steps of

a. receiving one or more parameters identifying conditions for a conflicting recipient for each recipient;
b. Storing said parameters;
c. comparing the parameters of each recipient of said electronic communication with said parameters of other recipients to determine whether any of the other recipients is a conflicting recipient;
d. Stopping the sending of the electronic communication when at least one conflicting recipient is determined;
e. notifying the user of each conflicting recipient and the parameters that identify each conflicting recipient; and
f. sending the electronic communication when there is no conflicting recipient.

**INFRINGEMENT**

15. Defendant engineers and provides the Darktrace/Email product which has a feature to prevent sending of an e-mail on an email client such as an Outlook email message to conflicting recipients. The Darktrace/Email product infringes claims of the '038 patent.

16. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '038 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products and/or by practicing the claimed method.

17. Defendant also indirectly infringes the '038 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the '038 patent by providing software through which its customers practice the claimed methods and by providing infringing systems used by its customers, including Darktrace/Email users throughout the United States. Defendant continues to induce infringement of the '038 patent.

18. Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the '038 patent, Darktrace supplies a material part of an infringing system, where the material part is not a staple article of commerce,

and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '038 patent, Defendant supplies the technology that allows its customers to create an infringing system and/ or to infringe the patent, including allowing Defendant's customers to practice the method claims and/or allows the customers to combine Darktrace software with other email software as an add-on or otherwise combine to crate an infringing system.

19. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe and that Defendant contributes to, and induces infringement and Defendants products when used according to Defendant's instructions for operation, directly infringe claims of the '038 Patent.

20. Attached as **Exhibit B** to the Complaint is a claim chart demonstrating the correspondence of the operation of the accused products with elements of an exemplary claim of the '038 patent.

21. Defendant and its customers have continued infringement.

22. The accused products satisfy the elements of the asserted claims, shown below is an example usage of the Darktrace/Email product's infringement of the '038 patent:

1. A system for ensuring an electronic communication being sent by a user to two or more recipients, each recipient having at least one associated email address, telephone number and/or title, is not sent to another conflicting recipient, comprises:

> **Darktrace/Email's new capabilities include:**
>
> - Account takeover and email protection in a single product.
> - Behavioral detections of misdirected emails, preventing intellectual property or confidential information being sent to the wrong recipient.

a. means for receiving one or more parameters identifying conditions for a conflicting recipient for each recipient;

> However, AI can help reduce instances of accidentally sending emails to the wrong people. When a user goes to send an email in Outlook, the AI will analyze the recipients. It considers the contextual relationship between the sender and recipients, the relationships the recipients have with each other, how similar each recipient's name and history is to other known contacts, and the names of attached files.

b. means for storing said parameters;

> Since the AI is always on and continuously learning, it can adapt autonomously to employee changes. If the role of an employee evolves, the AI will learn the new normal, including common behaviors, recipients, attached file names, and more. This allows the AI to continue effectively flagging potential instances of human error, without needing manual rule changes or disrupting the employee's workflow.

c. means for comparing the parameters of each recipient of said electronic communication with said parameters of other recipients to determine whether any of the other recipients is a conflicting recipient;

> We have made a classifier that tracks semantics shared over a network of correspondents. The classifier detects anomalous messages by comparing message content to that of previous communications between sender and recipient. It uses unsupervised learning to detect anomalies without relying on reported and confirmed breaches and produces anomaly scores that are weighted against previous correspondence from the entire network. Complexity is constant with the number of correspondents, but memory scaling is sublinear.

d. means for stopping the sending of the electronic communication when said comparing means determines at least one conflicting recipient;

> If the AI determines that the email is outside of a user's typical behavior, it may alert the user. Security teams can customize what the AI does next: it can block the email, block the email but allow the user to override it, or do nothing but invite the user to think twice. Since the AI analyzes each email, these alerts are more effective than consistent, blanket alerts warning about external recipients, which often go ignored. With this targeted approach, the AI prevents data leakage and reduces cyber risk.

e. means for notifying the user of each conflicting recipient as determined by said comparing means and the parameters that identify each conflicting recipient; and

> If the AI determines that the email is outside of a user's typical behavior, it may alert the user. Security teams can customize what the AI does next: it can block the email, block the email but allow the user to override it, or do nothing but invite the user to think twice. Since the AI analyzes each email, these alerts are more effective than consistent, blanket alerts warning about external recipients, which often go ignored. With this targeted approach, the AI prevents data leakage and reduces cyber risk.

f. means for sending the electronic communication when said comparing means does not determine at least one conflicting recipient.

> When email security solutions are working, they should be invisible, working in the background to reduce risk while allowing legitimate emails to flow. Emails are protected while business flows normally.

23. Defendant has infringed, and continues to infringe, at least claims 1-45 of the '038 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, distributing offering to sell, selling and/or importing into the United States, systems, and methods that infringe the asserted claims and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

24. By engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States, defendant continues to infringe claims of the '038 patent.

25. Upon information and belief, Defendant has directly infringed one or more of claims of the '554 and '534 patents under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '038 Patent.

26. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '038 Patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used and/or combined to create a infringing system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

27. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '038 Patent under 35 USC §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and other components and supplies, which are combined, such as with other e-mail software and/or as an add-on to email systems or programs or otherwise combine to form an infringing system and/or used in practicing methods which infringe the claims of the '038 Patent, thus contributing to the infringement of the '038 Patent.

28. Defendant does not have a license or authority to use the '038 Patent.

29. Defendant has been willfully infringing the '038 Patent since at least as early as

they became aware of the '038 Patent. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendant has intentionally continued their knowing infringement.

30. As a result of Defendant's infringement of the '038 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 9,032,038

31. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

32. Defendant Darktrace has infringed, and continues to directly infringe, at least claim 1-45 of the '038 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

33. Defendant does not have a license or authority to use the '038 Patent.

34. As a result of Darktrace's infringement of the '038 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II

### INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 9,032,038

35. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

36. Upon information and belief, Defendant Darktrace has indirectly infringed one or

more of the claims of the '534 patents under 35 USC §271(b) by providing accused products, with instructions, which are used to create an accused system and/or to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

37. Defendant does not have a license or authority to use the '038 Patent.

38. As a result of Darktrace's infringement of the '038 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III

**INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 9,032,038**

39. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

40. Upon information and belief, Defendant Darktrace has indirectly infringed one or more of the claims of the '038 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '038 patent, thus contributing to the infringement of the '038 patent.

41. Upon information and belief, Defendant Darktrace has indirectly infringed one or more of the claims of the '038 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which are used to practice methods which infringe the claims of the '038 patent, thus contributing to the infringement of the '038 patent.

42. Defendant does not have a license or authority to use the '038 Patent.

43. As a result of Darktrace's infringement of the '038 Patent, Plaintiff has suffered

and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**PRAYER FOR RELIEF**

A.  For a Judgment declaring that Darktrace has infringed the '038 Patent.

B.  For a judgment declaring that Darktrace's infringement of the '038 Patent has been willful and for enhancement of damages in accordance with 35 U.S.C. 284;

C.  For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

D.  For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '038 Patent in an amount to be determined at trial;

E.  For a judgement and order awarding a compulsory ongoing royalty;

F.  For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

G.  For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

H.  For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Respectfully Submitted:

/s/ Joseph J Zito
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

*Attorneys for Plaintiff*
*Gatekeeper Solutions, LLC*